Vallette v. Bilinski.

---

## Jennie C. Vallette v. Charles A. Bilinski.

1. TENDER—*Must be Kept Good.*—A person relying upon a tender must keep it good by bringing the money or other article into court.

2. ESTOPPEL—*Tenant Can Not Deny Landlord's Title.*—In a suit for possession of property, a tenant who had accepted a lease from the plaintiff and attorned to him, is estopped from setting up any defense under a lease from a former owner of the land.

**Forcible Detainer.**—Error to the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

COOKE & UPTON and H. S. MECARTNEY, attorneys for plaintiff in error.

WHITNEY & UPTON, attorneys for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of forcible detainer commenced before a justice of the peace, by plaintiff in error against defendant in error, to recover the possession of certain premises occupied by the latter and claimed to be owned by the former. Plaintiff in error had judgment before the justice, but on appeal to the Circuit Court and a trial in that court without a jury, the defendant was found not guilty and judgment was rendered against plaintiff in error for the costs. The evidence and the arguments of counsel, seem to leave it a matter of some doubt as to what are the exact rights of the parties. It appears that on September 24, 1890, plaintiff in error executed to defendant in error a lease for the premises in controversy, which was to commence on that date and terminate on April 1, 1891, the expressed consideration being one dollar, and a provision that the lessee should take care of the leased property and other property of the lessor in that vicinity. This lease contained the usual covenants as to surrender of possession at the expiration of the term demised.

But there was another instrument in writing executed between the parties about the same time, containing a different agreement, to the effect that defendant in error should remain in the possession of the leased premises as a tenant at will until they were sold by plaintiff in error, and upon the happening of that event, the agreement provided that plaintiff in error should convey and quit-claim to defendant in error a certain 47½ acre tract of land therein described, and should pay to him the sum of $500, and he should thereupon surrender the possession of the leased premises. The principal buildings on the leased premises were owned by defendant in error, who kept the place as

a sort of pleasure resort on Diamond Lake in said Lake county. The reasons why these apparently conflicting agreements were made between the parties, or what their respective rights and interests in the premises had theretofore been are not satisfactorily shown by the evidence, but the plaintiff and defendant are half brother and sister, and there would seem to have been some prior dealings or rights in the property which do not clearly appear.

However, defendant in error remained in the occupancy of the premises until in September, 1894, when plaintiff in error sold the same to one Joseph Peterkort and on November 9, 1894, Clair D. Vallette, husband of plaintiff in error, acting as her agent, tendered to defendant in error a deed for the 47½ acre tract, and also the $500 as provided for in the agreement, and demanded immediate possession of the leased premises. Defendant in error refused to surrender the possession and declined to receive the alleged tender, and on the next day this suit was brought. This alleged tender was in writing, and was conditional in that it required immediate surrender of the possession of the whole of the demised premises, including the buildings thereon, which there seems to be little, if any, dispute, belonged to defendant in error. It may be doubted whether this was a good tender under the circumstances, but however that may be, such as it was, it was not kept good, there being no tender deposited with the justice, nor in the Circuit Court, nor was there any offer on the part of plaintiff in error to perform the agreement of September 23, 1890. On the contrary, she immediately afterward brought another forcible detainer suit to recover the possession of the 47½ acre tract, which, by the terms of her agreement, she was to convey to defendant in error. Although no propositions of law were asked or held for defendant in the court below, the court seems to have been of the opinion that in order to avail of the alleged tender, it should have been kept good by bringing the deed and money into court. Upon this proposition we think the court was right.

Notwithstanding the lease of September 24, 1890, which

by its terms expired in one year, defendant in error continued in the possession of the premises until September 24, 1894, and from the conduct of the parties it is evident they all considered he was holding under the agreement and not under the lease. This is manifest from the alleged tender made when the premises were sold. It must be held, therefore, that the agreement fixed the rights of the parties, and plaintiff in error was bound to perform on her part before she was entitled to the possession. If it be held that her tender was good, she was bound to keep it so by bringing the deed and money into court and offering to perform. This she did not do, but brought the suit to recover possession of the 47½ acre tract as we have already stated, thus, in effect, repudiating her agreement.

On December 5, 1892, one A. V. Smith obtained a tax deed for the premises in dispute, and he quit-claimed his interest to defendant in error, and these deeds were offered in evidence by defendant but rejected by the court. Plaintiff in error insists that the attempt of defendant to set up an adverse title in himself put an end to the tenancy and authorized her to bring suit at once for the possession. But the evidence as to any attempt of defendant in error to set up such title in himself, is at best unsatisfactory, and we see no reason for disturbing the action of the court so far as that question is concerned. The defendant in error was not in a position to defend in this suit under the lease from Singer, a former husband of plaintiff in error and the owner of the property when the last named lease was made. By accepting a lease from plaintiff in error and attorning to her after she succeeded to the ownership of the property, defendant in error would be estopped from setting up any defense under the Springer lease. We are of the opinion the rights of the parties to this suit must be determined from their written contracts.

Evidently the court below so held, and finding no error in the record the judgment will be affirmed.